IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | | |
|---|---|---|
| SUNTRUST BANK, | ) | C/A  2:10-1440-CWH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| GERALD JOHN VARDZEL, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This  is  promissory  note  collection  action.    The  Defendant  has  answered  the allegations of the Complaint, pro se.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 28, 2011.  As the Defendant is proceeding pro se, a Roseboro order was entered by the Court, advising Defendant of the importance of a  motion for summary judgment and of the need for him to  file  an  adequate  response.    Defendant  was  specifically  advised  that  if  he  failed  to  respond adequately, the Plaintiff's motion may be granted.  Defendant thereafter filed a response in opposition to the motion on August 31, 2011.

Plaintiff's motion is now before the Court for disposition.[1]

_____

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial.  Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the Court cannot assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

The evidence before the Court shows that on or about April 15, 2009, the Defendant executed a Promissory Note and Disclosure in favor of the Plaintiff in the amount of One Hundred Thousand ($100,000.00) Dollars.  Defendant's Exhibit 1 [Johnson Affidavit], attached Exhibit A [Promissory Note and Disclosure].  The Defendant was to make monthly payments on the Note in the amount of One Thousand Fourteen and 15/100 ($1,014.15) Dollars, with the first payment being due and payable on May 30, 2009.  The amount of indebtedness was further fully due and payable,

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C.  The Plaintiff has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



in <u>toto</u>, after ten (10) years.  Upon default, Plaintiff had the right to declare the entire unpaid principal balance and all accrued unpaid interest due and payable, together with all applicable fees, costs, and charges, including attorney's fees.  <u>Id</u>.

The evidence provided to the Court further shows that the Note is in default, that Notice of Acceleration has been provided, and that as of June 21, 2011, there is due the principal sum of One Hundred Thousand ($100,000.00) Dollars, plus interest from September 9, 2009 to June 21, 2011 in the amount of Seven Thousand One Hundred Twenty Three and 29/100 ($7,123.29) Dollars, accruing at the rate of four (4%) percent through date of judgment, and a per diem amount thereafter to the date of judgment of Ten and 96/100 ($10.96) Dollars.  <u>Plaintiff's Exhibit 1</u>, ¶ 5.  <u>See also</u> <u>Plaintiff's Exhibit 1</u> [Statement of Facts].

In arguing that it is entitled to entry of a judgment, Plaintiff correctly cites to the principle that the substantive law of the forum state (here, South Carolina) should be applied.  <u>See</u> <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)[Federal Court sitting in diversity must apply the substantive law of the forum state]; <u>Guinness PLC v. Ward</u>, 955 F.2d 875, 883 (4th Cir. 1992); <u>Schwartz v. Blum</u>, 309 Fed. Appx. 718, 721 (4th Cir. 2009); <u>Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.</u>, 843 F.Supp. 1027, 1033 (D.S.C. 1993).  However, Plaintiff then proceeds, without explanation, to only cite the substantive law of North Carolina in its brief. Furthermore, although not addressed by either party, the undersigned also notes that the Promissory Note itself contains a provision which states, "[t]his note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Virginia with regard to the condition of law provisions.  This Note has been accepted by Lender in the



Commonwealth of Virginia." <u>See</u> Promissory Note and Disclosure, p. 2.  However, under either

South Carolina or Virginia law, based upon the facts of this case, the outcome is the same.[2]

Defendant makes a few general references in his filings that he told the Plaintiff he

did not have the means to repay the loan at the time that he signed it.  However, Defendant has

provided no evidence, or even argument, to dispute the basic facts in this case: i.e., that he executed

the Note in question, that he is in default, and that the sum set forth in Plaintiff's evidence is now

due and owing.  <u>Cf.</u>  <u>Hansen v. DHL Laboratories, Inc.</u>, 450 S.E.2d 624, 627 (S.C.Ct.App.

1994)[Evidence that corporation had promised officer that it would never collect on  officer's

promissory notes was not sufficient to establish fraud on part of corporation and was not admissible

under fraud exception to parol evidence rule]; <u>In Re Brookland Park Plaza, LLC</u>, No. 09-34495,

2009 WL 3297801 at * 7 (Bankr.E.D.Va. Oct. 13, 2009)[Discussing two exceptions in which parol

evidence will be admitted to vary the terms of a complete written agreement, neither are which are

present in this case].  <u>See</u> <u>also</u> <u>Hansen</u>, 450 S.E.2d at 627 [explaining that North Carolina law is the

same as South Carolina law on this point].  Indeed, a review of Defendant's response to Plaintiff's

motion for summary judgment, as well as Defendant's opposition to a previously filed motion to

strike (Court Docket No. 32), shows that the Defendant confirms he signed the Promissary Note as

part of a short sale of his primary home.  Defendant candidly concedes that he has been unable to

make payment on the Promissory Note at issue, but apparently seeks this Court's intervention to

---

[2]Although Plaintiff provides no explanation for why North Carolina law would be applicable
in this case, it would also provide the same result.



affect "some type of mutual settlement" in the case rather than allow a judgment to be entered.[3]

However, the Court is unable to impose any type of settlement on the parties that they are themselves

unwilling or unable to reach.

Therefore, as the evidence before the Court clearly establishes the fact of Defendant's

indebtedness to the Plaintiff, as well as the fact that the Defendant has failed to make payment on

his Promissary Note as required, the undersigned has no choice but to find for the Plaintiff in this

case.  Hansen, 450 S.E.2d at 627 [granting summary judgment where there was no genuine issue of

fact that borrower signed the promissory notes and that they had not been repaid]; Dominion Bank,

N.A. v. Moore, 688 F.Supp. 1084 (W.D.Va. 1988)[granting summary judgment where there were

no material facts in dispute concerning the relevant action on the promissory note].

### Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary

judgment be **granted,** and that judgment be entered for the Plaintiff in the amount of One Hundred

Thousand ($100,000.00) Dollars,[4] plus interest in the amount of Seven Thousand One Hundred

Twenty Three and 29/100 ($7,123.29) Dollars from September 9, 2009 to June 21, 2011, plus

interest from June 22, 2011 through the day of judgment at the per diem rate of Ten and 96/100

---

[3]Plaintiff was also apparently interested in attempting to reach some kind of resolution in this matter, although the material filed with the Court reflects that attempts at a settlement have been unsuccessful.  See Court Docket No. 22.

[4]Although the Complaint indicates that the promissory note is secured by property located at 7 Intracoastal Court, Isle of Palms, South Carolina [see Complaint, ¶¶ 4-5], Defendant argues that he rented, rather than owned, this referenced property and that it never secured the note at issue.  See Defendant's Response to Summary Judgment.  In any event, in addition to not contesting this assertion, Plaintiff has made no attempt to secure a foreclosure on this property as part of its current motion, but seeks only a monetary judgment on the Note.



($10.96) Dollars, plus interest from the date of judgment at the maximum legal rate until paid in full,

plus the costs of this action as provided for in the Promissory Note.[5]

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

October 5, 2011
Charleston, South Carolina

---

[5]Plaintiff is instructed to file an affidavit of fees and costs for consideration by the Court within ten (10) days of the date of this Report and Recommendation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

